## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:   Juan De Dios Perez | ) | CASE NO. 21 B 08479 |
| | ) | |
| | ) | CHAPTER 7 |
| | ) | |
| | ) | Judge A. Benjamin Goldgar |
| Debtor(s) | ) | |
| | ) | Cook County |

## NOTICE OF MOTION

TO:    Richard M. Fogel, Chapter 7 Trustee, 123 N. Wacker Drive, Suite 800, Chicago, IL 60606; via electronic notice;

Consumer Financial Services, Attn: Bankruptcy Dept., 10431 US Hwy 19, Port Richey, FL 34668, via U.S. Mail;

Loy Sheflott, President & CEO, Consumer Financial Services, 1700 G St. NW, Washington DC 20552, via U.S. Mail;

Marc Z. Samotny, Registered Agent for Consumer Financial Services, 200 S. Wacker Dr., Suite 2700, Chicago, IL 60606, via U.S. Mail;

Juan De Dios Perez, 516 Piper Lane, Apt. 2B, Prospect Heights, IL 60070, via regular US mail; and

The attached service list via regular US mail.

PLEASE TAKE NOTICE that on February 28, 2022, at 9:30 a.m.., I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, and present Debtor's Motion to Reopen and for Rule to Show Cause, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and password**. The meeting ID for this hearing is 161 500 0972 and the password is 726993. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

## PROOF OF SERVICE

I, the undersigned, certify that I caused this Notice and a copy of the attached document(s) to be served upon the entities named above by depositing the same in the U.S. Postal Service's mail box at 8707 Skokie Blvd., Suite 305, Skokie, IL 60077 on February 18, 2022, except that the Trustee and any other party indicated in the Notice of Filing were served electronically by the court on such date.

*/s/ David Freydin*
Attorney for Debtor
Law Offices of David Freydin
8707 Skokie Blvd, Suite 312
Skokie, IL 60077
847.972.6157

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 21-08479<br>Northern District of Illinois<br>Eastern Division<br>Fri Feb 18 12:26:13 CST 2022 | U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1702 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 |
| Cfs Palatin<br>1707 N. Rand Road<br>Palatine, IL 60074-2329 | (p)CONSUMER FINANCIAL SERVICES<br>11720 HWY 19<br>SUITE 21<br>PORT RICHEY FL 34668-1072 | Kikoff Lending Llc<br>Attn: Bankruptcy<br>75 Broadway Suite 226<br>San Francisco, CA 94111-1458 |
| SS Motors<br>Chicago, IL | Santander Consumer USA<br>Attn: Bankruptcy<br>Po Box 961245<br>Fort Worth, TX 76161-0244 | (p)SPRINT<br>C O AMERICAN INFOSOURCE<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 |
| David Freydin<br>Law Offices of David Freydin Ltd<br>8707 Skokie Blvd<br>Suite 312<br>Skokie, IL 60077-2269 | Juan De Dios Perez<br>516 Piper Lane, Apt. 2 B<br>Prospect Heights, IL 60070-1826 | Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604-2027 |
| Richard M. Fogel<br>Cozen O'Connor<br>123 N. Wacker Drive<br>Suite 1800<br>Chicago, IL 60606-1770 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Consumer Financial Services<br>Attn: Bankruptcy Department<br>10431 Us Highway 19<br>Port Richey, FL 34668 | Sprint<br>PO BOX 4191<br>Carol Stream, IL 60197-4191 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (u)Consumer Financial Services | End of Label Matrix<br>Mailable recipients    12<br>Bypassed recipients     1<br>Total                   13 |

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | Juan De Dios Perez | ) | CASE NO. 21 B 08479 |
| | | ) | |
| | | ) | CHAPTER 7 |
| | | ) | |
| | | ) | Judge A. Benjamin Goldgar |
| | Debtor(s) | ) | |
| | | ) | Cook County |

## DEBTOR'S MOTION TO REOPEN AND FOR RULE TO SHOW CAUSE

NOW COMES Debtor, Juan De Dios Perez ("Debtor"), by and through his attorney, David Freydin, and moves this Honorable Court to reopen this closed Chapter 7 case pursuant to 11 U.S.C. § 350 and for a Rule to Show Cause against Consumer Financial Services ("CFS"). pursuant to 11 USC §§105(a) and 524(a), and in support thereof, Debtor states as follows:

1. That Debtor filed a petition for relief pursuant to Chapter 7 Title 11 U.S.C. on July 15, 2021.

2. That this was a no-asset Chapter 7, the Debtor received a discharge on October 12, 2021, and the Clerk closed the case on October 15, 2021.

3. That this Court has jurisdiction over this Motion to Reopen and for Rule to Show Cause pursuant to 28 U.S.C. §157 and §1334.

4. That venue is proper pursuant to 28 U.S.C. § 1409(a).

5. That this is a core proceeding pursuant to 28 U.S.C. §157(b)

## Factual History

6. That at the time of filing, Debtor owned a 2012 VW Passat (the "Vehicle"). CFS provided the purchase money for the Vehicle.

7. That Debtor properly listed the Vehicle and its location on Schedule A and CFS on Schedule D of his petition. Please see attached Exhibit A.

8. That Debtor's Statement of Intention indicated that Debtor would surrender the Vehicle. Please see attached Exhibit B.

9. That CFS received notice of this bankruptcy from the Clerk. Please see attached Exhibit C.

10. That notice by the Court was sufficient to convey knowledge of Debtor's bankruptcy to CFS. *See Will v. Ford Motor Credit Co., (in re Will),* 303 B.R. 357, 364 (Bankr. N.D.Il1. 2003)("[U]nofficial oral or written notice of a bankruptcy filing is legally sufficient to convey knowledge of the automatic stay").

11. That CFS or one of its agents repossessed the Vehicle at some point before August 15, 2021.

12. That between August 15, 2021 and August 18, 2021, a representative named Karen called Debtor and his girlfriend multiple times and aggressively threatened suit against Debtor.

13. That Debtor delivered the key to the Vehicle to CFS on August 18, 2021 but Karen and at least one of her agents continued to harass Debtor.

14. That on October 8, 2021, after receiving repeated calls from CFS, Debtor spoke to an agent from CFS (the "CFS Agent") who demanded payment or return of an undetermined vehicle. Debtor informed the CFS Agent that he didn't have the Vehicle, and that he had filed bankruptcy. Debtor has a video of this conversation available to present but it is in Spanish.

15. That the CFS Agent informed Debtor that he didn't care about the bankruptcy and that he would continue to call Debtor until Debtor paid or returned the Vehicle.

16. That after the conversation with the CFS Agent, Debtor informed his counsel.

17. That Debtor's counsel instructed Debtor to block the CFS Agent's number on October 11, 2021.

18. That Debtor's counsel and an employee each spoke to Karen and informed her of Debtor's bankruptcy on October 12, 2021.

19. That Debtor's counsel faxed notice of the bankruptcy and a demand to cease collections to CFS on October 12, 2021. Please see attached Exhibit D.

20. That Karen indicated that there were no collections pending against Debtor but rather against his father, Jose Perez.

21. That on December 31, 2021, CFS reported Debtor's account as delinquent in the amount of $10,206.00 to the various credit bureaus. Please see attached Exhibit E.

22. That because of this inaccurate reporting, Debtor had at least one credit application declined.

23. That on February 9, 2022, CFS again reported Debtor's account as delinquent in the amount of $10,206.00. Please see attached Exhibit F.

24. That CFS's illegal and inaccurate reporting has cost Debtor 52 points on his credit score and, as a result, thousands of dollars in interest.

### CFS Willfully Violated the Automatic Stay

25. That an automatic stay violation is willful if the creditor (1) had actual knowledge of the debtor's bankruptcy case, and (2) committed a deliberate act against the debtor despite said knowledge. *In re Will*, at 363.

26. That here, because it had received notice from the Clerk and from Debtor's counsel, CFS's conduct constitutes a willful violation of 11 U.S.C. § 362(k).

27. That despite multiple notices, a fax, phone calls, and conversations with Debtor, CFS persists in its attempts to coerce Debtor into paying a debt that was either discharged or not Debtor's responsibility to begin with.

28. That Debtor has actual damages from CFS's willful stay violation as well as attorney's fees and costs associated with counsel's correspondence with CFS, Debtor, and the drafting of this Motion and preparation and attendance at the hearing.

29. The Bankruptcy Court for the Northern District of Illinois has found that punitive damages are appropriate to penalize creditors for willful violations of the automatic stay. *In re Sumpter*, 171 B.R. 835, 845 (Bkrtcy.N.D.Ill.1994).

30. That in determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure. *In re Sumpter*, at 845 (citing *In re M.J. Shoearama*, 137 B.R. 182(Bankr.W.D.Pa.1992)).

31. That here, CFS 1) is engaging in a campaign of harassing phone calls and significantly damaging Debtor's credit; 2) is able to pay damages; 3) is motivated by the mistaken belief that Debtor would be more likely to pay because English is not his first language; 4) was never provoked by the Debtor; 5) is an established and sophisticated corporate entity that regularly engages in the business of debt collection.

32. That because it willfully and repeatedly attempted to collect from Debtor during the pendency of this case, Debtor asks that this court find CFS to have violated the automatic stay under 11 U.S.C. § 362(k) and award Debtor damages, fees, and costs.

### **CFS Violated the Discharge Injunction**

33. That an order of discharge not only discharges pre-petition debts, but also operates as an injunction against the commencement or continuation of any action to collect from a debtor any debt discharged as a result of the bankruptcy proceeding. 11 U.S.C. § 524(a)(2); *Tidwell v. Smith* (*In re Smith*), 379 B.R. 315, 326 (Bankr. N.D. Ill. 2007) *aff'd,* No. 08 C 46, 2008 WL 4067306 (N.D. Ill. Aug. 27, 2008), *aff'd,* 582 F.3d 767 (7th Cir. 2009).

34. That a party that knowingly violates a discharge order may be held in civil contempt. *See In re Andrus,* 184 B.R. 311, 315 (Bankr. N.D. Ill. 1995).

35. That a finding of willfulness or bad faith is not required. *In re Elias*, 98 B.R. 332, 337 (N.D. Ill. 1989).

36. That "[i]t is enough that the order violated is specific and definite, and that the offending party has knowledge of it." *Id.*

37. That any claim that CFS might have had against Debtor was discharged in this case.

38. That because of the various efforts outlined above, CFS had actual knowledge of Debtor's bankruptcy and discharge.

39. That, to date, CFS has refused to cease collection efforts against Debtor despite counsel's numerous requests.

40. That CFS has prevented Debtor from enjoying the fresh start to which he is entitled by repeatedly harassing Debtor and reporting an allegedly delinquent account to the credit bureaus.

41. That Section 105 of the Bankruptcy Code permits this Court "to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

42. That Section 350 of the Bankruptcy Code allows this Court to reopen a closed Bankruptcy case "to accord relief to the debtor" 11 U.S.C. §350(b).

43. That because CFS refuses to cease collection activities on a discharged debt in direct violation of Section 524, Debtor has no other choice but to request that this Court reopen this Bankruptcy Case to protect his rights under the Bankruptcy Code.

44. That Debtor also asks that this Honorable Court award punitive damages, fees, and costs.

45. That Courts have found that debtors may be entitled to recover such damages and fees in a contempt proceeding for violation of the discharge injunction. *See In re Lempesis*, 557 B.R. 659, 667-68 (Bankr. N.D. Ill. 2016).

46. Here, CFS is a sophisticated entity and has absolutely no basis to assert that the debt in question has not been discharged.

47. That CFS repeatedly failed to comply with its obligations and instead continues to collect against Debtor.

48. That CFS should be held accountable for its decision to ignore the law.

49. That to avoid unreasonable cost or delay, and pursuant to Federal Rule of Bankruptcy Procedure 5010 Debtor requests that this Motion be granted and that the Estate be reopened for the limited purpose of consideration of this Motion, without the appointment of a trustee. The services of the trustee are not needed because there are no assets of the Bankruptcy Estate to be administered.

WHEREFORE, Debtor, prays this Honorable Court for the following relief:

A. That CFS be found to have violated the automatic stay;

B. That CFS be found to have violated the discharge injunction;

C. That CFS be enjoined from further collections against Debtor;

    D.  Awarding punitive damages, fees, and costs to Debtor;

    E.  For any and all other relief this Court deems just and fair.

Respectfully Submitted,

*/s/ David Freydin*
Attorney for Debtor
Law Offices of David Freydin
8707 Skokie Blvd, Suite 312
Skokie, IL 60077
847.972.6157